IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-158-D
No. 5:20-CV-512-D

| | |
|---|---|
| SEAN TRENT BARNES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On September 29, 2020, Sean Trent Barnes ("Barnes" or "petitioner") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and 360-month sentence [D.E. 167] and filed a memorandum in support [D.E. 168]. On November 30, 2020, the United States moved to dismiss Barnes's motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [D.E. 177] and filed a memorandum in support [D.E. 178]. The same day, the court notified Barnes of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 179]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On January 11, 2021, Barnes responded in opposition [D.E. 182]. As explained below, the court grants the government's motion to dismiss and dismisses Barnes's section 2255 petition.

I.

On August 21, 2017, pursuant to a written plea agreement, Barnes pleaded guilty to conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine. See [D.E. 16, 57, 58, 59]; Arraignment Tr. [D.E. 146]. On July 24, 2018, the court held Barnes's sentencing hearing, at which he appeared pro se. See [D.E. 125, 132, 133, 148]; Sentencing Tr. [D.E. 145]. At the hearing, the court adopted the facts set forth in the Presentence

Investigation Report ("PSR") and resolved Barnes's objections. See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sentencing Tr. at 4–68; PSR [D.E. 105]. The court calculated Barnes's offense level to be 40, his criminal history category to be III, and his advisory guideline range to be 360 months to life imprisonment. See Sentencing Tr. at 67–68. After thoroughly considering the prosecutor's and Barnes's arguments and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Barnes to 360 months' imprisonment. See id. at 76–80; [D.E. 136].

Barnes appealed. See [D.E. 138]. On June 7, 2019, the United States Court of Appeals for the Fourth Circuit affirmed Barnes's conviction and sentence. See United States v. Barnes, 777 F. App'x 62, 64–66 (4th Cir. 2019) (per curiam) (unpublished). On July 22, 2019, Barnes sought an extension of time to file a writ of certiorari in the United States Supreme Court. On July 31, 2019, the Chief Justice granted Barnes an extension of time to file his petition. On October 30, 2019, Barnes timely filed a petition for a writ of certiorari seeking review of his conviction and sentence. On December 9, 2019, the Supreme Court denied Barnes's petition. See Barnes v. United States, 140 S. Ct. 610 (2019).

On September 29, 2020, Barnes moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence.[1] Barnes alleges seven grounds for relief: (1) Barnes's guilty plea was involuntary because counsel coerced him to plead guilty and assured Barnes he would receive a ten-year sentence, (2) the district court accepted Barnes's guilty plea without a proper factual basis and without ensuring Barnes understood the nature of the conspiracy charge, (3) Barnes's guilty plea was not knowing and voluntary because counsel gave Barnes false information about pleading guilty, (4)

---

[1] Barnes's conviction became final when the Supreme Court denied his petition for a writ of certiorari on December 9, 2019. See Clay v. United States, 537 U.S. 522, 527 (2003). Thus, Barnes timely filed his section 2255 motion within one year of his conviction becoming final. See 28 U.S.C. § 2255(f)(1).

the district court improperly applied an aggravating-role adjustment when it calculated Barnes's advisory guideline range, (5) the government failed to show what type of methamphetamine Barnes conspired to distribute or possess with the intent to distribute and thus the court miscalculated Barnes's base offense level, (6) the sentence exceeded the maximum allowed by law because a jury did not find the facts supporting Barnes's enhanced sentence, and (7) the government breached the plea agreement by failing to move for a downward departure under Federal Rule of Criminal Procedure 35 or U.S.S.G. § 5K1.1. See [D.E. 167, 168]. Barnes also claims ineffective assistance of stand-by sentencing counsel and contests the court's denial of his pro se motion to withdraw his guilty plea at sentencing. See [D.E. 168] 19–21, 32–36. The government moves to dismiss Barnes's motion under Rule 12(b)(6) for failure to state a claim. See [D.E. 177]. Barnes opposes the motion. See [D.E. 182].

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551

3

U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting

4

effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee, 137 S. Ct. at 1967. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

A.

Grounds one, two, and three contest whether Barnes's guilty plea was knowing and voluntary. Ground one alleges counsel coerced Barnes to plead guilty because counsel was unprepared to take the case to trial and that counsel promised Barnes a ten-year sentence. See [D.E. 167] 4; [D.E. 168] 11–17. Ground two alleges the district court accepted Barnes's plea without a factual basis and without ensuring Barnes understood the nature of the charge. See [D.E. 167] 5; [D.E. 168] 22–24. Ground three alleges counsel gave Barnes false information about the consequences of pleading guilty. See [D.E. 167] 7; [D.E. 168] 25–32.

Barnes's sworn statements during his Rule 11 proceeding contradict all three of these claims, and Barnes's sworn statements bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). At his Rule 11 hearing, Barnes affirmed he was fully satisfied with

5

counsel's services. See Arraignment Tr. at 12. Barnes also affirmed that he discussed both the plea agreement and the sentencing process with his lawyer. See id. at 18–19. The court explained to Barnes the charges and applicable penalties he faced, and Barnes affirmed he understood them. See id. at 14–18. Moreover, the court directly asked Barnes: "Has anyone threatened you, or anyone else, or forced you in any way to plead guilty, sir?" Id. at 19. Barnes replied, "No, sir." Id. The court asked: "Has anyone made any promise to you or anyone else that's made you decide to plead guilty, sir?" Id. Barnes replied, "No, sir." Id. Moreover, Barnes affirmed that he understood that any sentencing prediction by his lawyer was not binding on the court and that if the prediction was incorrect, Barnes could not withdraw his guilty plea. See id. at 18–19. Barnes also affirmed his understanding that if the court imposed the statutory-maximum sentence, Barnes could not withdraw his guilty plea and could not go to trial. See id. at 20–21.

After Barnes pleaded guilty to the conspiracy charge, the court asked counsel for the government to make a proffer as to what the evidence would have shown if the case went to trial. See id. at 23. Counsel for the government recounted five controlled purchases during which Barnes sold methamphetamine to undercover officers. Laboratory analysis showed the drugs were pure methamphetamine. See id. at 23–24. Based on the government's summary of the evidence and Barnes's acknowledgment of his guilt, the court accepted Barnes's guilty plea. See id. at 24. Accordingly, Barnes's guilty plea was knowing and voluntary, and the court accepted Barnes's plea with a proper factual basis.

Barnes has not plausibly alleged deficient performance or prejudice. As for performance, counsel acted reasonably by negotiating a plea agreement in which Barnes agreed to plead guilty to one count in exchange for the government dismissing five felony drug-distribution charges. Even if counsel misinformed Barnes of the penalties he faced for count one and the consequences of

6

pleading guilty to count one, Barnes has not plausibly alleged prejudice because the court corrected those errors during the Rule 11 hearing. See United States v. Akande, 956 F.3d 257, 263 (4th Cir. 2020); United States v. Akinsade, 686 F.3d 248, 253–54 (4th Cir. 2012). Moreover, in light of his Rule 11 hearing, Barnes has not demonstrated prejudice because he has not plausibly alleged that but for counsel's alleged errors, he would have "insisted on going to trial." Hill, 474 U.S. at 59; see Lee, 137 S. Ct. at 1967–69; Strickland, 466 U.S. at 694. Accordingly, the claims fail.

B.

Grounds four and five contest the district court's calculation of Barnes's advisory guideline range. Ground four alleges the court misapplied an aggravating-role adjustment for Barnes being a leader or organizer of his drug-trafficking conspiracy. See [D.E. 167] 8; [D.E. 168] 37–45. Ground five alleges the government did not prove what type of methamphetamine was attributable to Barnes and, as a result, the court applied the wrong base offense level. See [D.E. 167] 10; [D.E. 168] 46–49. Barnes, however, cannot use section 2255 to attack his advisory guideline range. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."). Accordingly, Barnes's claims in grounds four and five fail.

Alternatively, as for ground four, Barnes raised that argument on direct appeal and lost. Even though appellate counsel filed an Anders brief, appellate counsel raised an issue concerning whether an aggravating-role adjustment applied. See Barnes, 777 F. App'x at 63–66; see also [D.E. 167] 9; The Fourth Circuit then considered that issue and affirmed the district court's ruling. See Barnes, 777 F. App'x at 65–66. Barnes cannot use section 2255 to relitigate claims that he raised and lost on direct appeal. See Bousley v. United States, 523 U.S. 614, 622–23 (1998); United States v.

7

Frady, 456 U.S. 152, 164–65 (1982); Dyess, 730 F.3d at 360; United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, the claim fails.

Alternatively, as for ground five, Barnes failed to raise that argument on direct appeal. The general rule of procedural default bars Barnes from presenting that claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley, 523 U.S. at 621–22; United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Barnes has not plausibly alleged cause and prejudice. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); Frady, 456 U.S. at 170; United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999).

Barnes has not plausibly alleged prejudice because the court did not err by finding that Barnes trafficked in pure crystal methamphetamine and by applying the appropriate base offense level for that conduct. Testimony at Barnes's sentencing hearing, which the court credited, showed that Barnes trafficked pure crystal methamphetamine. See, e.g., Sentencing Tr. at 9–20, 37–38. The testimony recounted laboratory testing showing that four of the five quantities tested were at least 95% pure and the fifth was 79% pure with a 3% plus or minus allowance. See id. at 37–38; PSR Add. [D.E. 105] 22–23. Barnes did not plausibly rebut that evidence. See [D.E. 168] 46–49.[2]

---

[2] To the extent Barnes's arguments rely on a distinction between l-methamphetamine and d-methamphetamine, "[t]his claim fails because the distinction between d- and l-methamphetamine has been eliminated from the Sentencing Guidelines, and l-methamphetamine is now treated the same as d-methamphetamine." United States v. Taylor, 224 F. App'x 269, 272 (4th Cir. 2007) (per curiam) (unpublished). Plus, l-methamphetamine "is not made intentionally, but rather results from a botched attempt to produce d-methamphetamine." U.S.S.G. App. C at 433 (Amendment 518). The evidence at Barnes's sentencing showed Barnes distributed pure crystal methamphetamine, not a botched product.

8

Accordingly, the court did not err in its advisory guideline calculation, and Barnes has not plausibly alleged prejudice. Cf. United States v. Williams, 19 F.4th 374, 380 (4th Cir. 2021) ("[C]ertainly, lab results of the drugs from the conspiracy at issue often provide the best evidence that the conspiracy, in fact, involves Ice."). Moreover, in light of Barnes's unprotected statements to law enforcement, the government's summary of the evidence at the Rule 11 hearing, the evidence presented in the PSR, and the evidence presented at sentencing, Barnes has not plausibly alleged his actual innocence. See, e.g., [D.E. 182] 14–15. Thus, the claims fail.

C.

Grounds six and seven challenge Barnes's sentence. Ground six alleges the court gave Barnes an enhanced sentence based on facts not found by a jury beyond a reasonable doubt. See [D.E. 167] 10–11; [D.E. 168] 50–55. Ground seven alleges the government breached the plea agreement by not moving for a downward departure under Rule 35 or 18 U.S.C. § 3553(e). See [D.E. 167] 11; [D.E. 168] 56–63. Separately, Barnes argues he received ineffective assistance from standby counsel while he proceeded pro se at his sentencing hearing.

Barnes failed to raise his arguments in grounds six and seven on direct appeal. Thus, the general rule of procedural default bars those claims. See, e.g., Massaro, 538 U.S. at 504; Bousley, 523 U.S. at 621–22; Fugit, 703 F.3d at 253; Sanders, 247 F.3d at 144. Moreover, Barnes has not plausibly alleged cause and prejudice. See Bousley, 523 U.S. at 622–24; Coleman, 501 U.S. at 753; Frady, 456 U.S. at 170; Pettiford, 612 F.3d at 280–85; Sanders, 247 F.3d at 144; Mikalajunas, 186 F.3d at 492–95. Thus, the claims fail.

Alternatively, Barnes fails to state a claim on grounds six and seven. As for count six, under Apprendi and its progeny, a court may not increase the statutory minimum or statutory maximum sentence a defendant faces based on facts not found by a jury beyond a reasonable doubt. See

9

Alleyne v. United States, 570 U.S. 99, 107–17 (2013). However, these cases "do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence. Nor do they prohibit the sentencing judge from taking account of the Sentencing Commission's factual findings or recommended sentences." Rita v. United States, 551 U.S. 338, 352 (2007). Here, Barnes's statutory minimum sentence was 10 years' imprisonment and statutory maximum sentence was life imprisonment. See 21 U.S.C. 841(b)(1)(A). By finding facts that increased Barnes's advisory guideline range, the court did not increase or otherwise alter the statutorily authorized range. Even once the court applied enhancements that increased Barnes's advisory guideline range, that range was still within the statutory range. Thus, Barnes fails to state a claim.

As for count seven, Barnes has not plausibly alleged the government breached the plea agreement. The plea agreement only required the government to "make known to the Court at sentencing the full extent of the Defendant's cooperation." [D.E. 59] ¶ 4(e). It also stated, however, "the United States is not promising to move for a departure pursuant to USSG §5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35." Id. The government fulfilled its obligation to make known the extent of Barnes's cooperation when it asked the court to deny Barnes credit for acceptance of responsibility. See Sentencing Tr. at 6–7. The government candidly explained that Barnes gave "inconsistent statements to law enforcement since signing this plea agreement." Sentencing Tr. at 6. Barnes's inconsistent statements did not justify the United States recommending a downward departure. Thus, Barnes fails to state a claim.

As for Barnes's argument that he was deprived of the effective assistance of standby counsel, Barnes does not state a cognizable claim. Because there is no constitutional right to standby counsel, there is no right to effective assistance of standby counsel. See United States v. Cohen, 888 F.3d

10

667, 680 (4th Cir. 2018); United States v. Beckton, 740 F.3d 303, 307 (4th Cir. 2014); United States v. Morrison, 153 F.3d 34, 55 (2d Cir. 1997); United States v. Schmidt, 105 F.3d 82, 90 (2d Cir. 1997); United States v. Windsor, 981 F.2d 943, 947 (7th Cir. 1992); Subasic v. United States, Nos. 5:09-CR-216-FL-3, 5:16-CV-89-FL, 2018 WL 3631884, at *15–16 (E.D.N.C. July 31, 2018) (unpublished); Alkebulanyahh v. Byars, No. 6:13-cv-00918-TLW-KFM, 2014 WL 8849503, at *22 (D.S.C. Nov. 5, 2014) (unpublished), report and recommendation adopted, 2015 WL 2381353 (D.S.C. May 18, 2015) (unpublished). Cf. Faretta v. California, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural or substantive law. Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'"). Thus, these claims fail.

### D.

Finally, Barnes argues the district court erred at sentencing by denying his motion to withdraw his guilty plea. See [D.E. 168] 32–36. Barnes failed to raise this argument on direct appeal, and the general rule of procedural default bars the claim. See, e.g., Massaro, 538 U.S. at 504; Bousley, 523 U.S. at 621–22; Fugit, 703 F.3d at 253; Sanders, 247 F.3d at 144. Moreover, Barnes has not plausibly alleged cause and prejudice. See Bousley, 523 U.S. at 622–24; Coleman, 501 U.S. at 753; Frady, 456 U.S. at 170; Pettiford, 612 F.3d at 280–85; Sanders, 247 F.3d at 144; Mikalajunas, 186 F.3d at 492–95.

Alternatively, Barnes fails to state a claim. At his sentencing hearing, Barnes alleged he was tricked into signing the plea agreement and was uncomfortable with the plea agreement. See Sentencing Tr. at 5–6. In light of Barnes appearing pro se, the court justifiably construed Barnes's

11

comments as a motion to withdraw his guilty plea. See id. The court then made findings under the governing standard, and held that Barnes's motion was baseless. See id.; United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Barnes did not offer credible evidence that his plea was not knowing and voluntary or credibly assert his innocence. See Sentencing Tr. 5–6. Furthermore, Barnes had the assistance of competent counsel in negotiating and entering his plea. See id. Moreover, Barnes waited over eleven months to make his motion. See id.; compare [D.E. 58] with [D.E. 132]. Allowing Barnes to withdraw his plea would have prejudiced the government, inconvenienced the court, and wasted judicial resources. See Sentencing Tr. 5–6. Barnes's motion was meritless, and he has not plausibly alleged the court erred by denying the motion. Thus, the claim fails.

E.

Alternatively, other than his claims of ineffective assistance of counsel and his claim that the government breached the plea agreement, the post-conviction waiver in Barnes's plea agreement bars Barnes's other claims. In the waiver, Barnes agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

[D.E. 59] ¶ 2(c). In light of Barnes's Rule 11 proceeding, the waiver is enforceable. See Arraignment Tr.; United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d

12

532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Accordingly, the waiver bars all claims except Barnes's claims of ineffective assistance of counsel and his claim that the government breached the plea agreement,

F.

After reviewing the claims presented in Barnes's motion, the court finds that reasonable jurists would not find the court's treatment of Barnes's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 177], DENIES petitioner's motion to vacate [D.E. 167], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 27 day of December, 2021.

JAMES C. DEVER III
United States District Judge